OPINION
 STATEMENT OF THE FACTS AND CASE
On July 9, 2000, Appellant's stepdaughter, Melody Bowersock, accompanied by her mother Elsie Amanda Muff, presented to the Fairfield Medical Center Emergency Room for an evaluation for a sexual assault, following allegations by Melody that her stepfather, Maxwell Muff, had forced her to have sex with him. (T. at 82-84).
On October 24, 2000, Appellant Maxwell Muff was indicted on one count of Rape of his stepdaughter, Melody Bowersock, in violation of R.C. § 2907.02(A)(2)
Appellant entered a plea of not guilty to said charge.
Discovery was demanded, provided and supplemented by both the State and the Appellant on a number of occasions. The discovery provided by the State contained the name of the doctor who examined Melody Bowersock and the results of the physical examination, i.e. erythema in the vaginal cavity, a white discharge and the hymen being no longer intact. (T. at 117-119, 177).
On May 23, 2001, a jury trial commenced with said jury returning a verdict of guilty to the rape charge.
On June 26, 2001, the trial court sentenced Appellant to nine years in a state penal institution.
 ASSIGNMENTS OF ERROR I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.
 II. THE CONVICTION OF THE APPELLANT FOR RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE APPELLANT WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 I.
In his first assignment of error, appellant claims that his trial counsel was ineffective for failing to pursue discovery of the medical report of Dr. Mark Darnell. We disagree.
To demonstrate ineffective assistance of counsel, a defendant must show counsel's performance fell below an objective standard of reasonable representation, and prejudiced his defense. Strickland v. Washington
(1984), 466, 668; State v. Bradley (1989), 42 Ohio St.3d 136, cert.denied (1990), 497 U.S. 1011. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceedings would have been different. Id.
At trial, Dr. Darnell testified as to the results of the physical examination of the victim. (T. at 117-119). This testimony did not differ from the records provided to Appellant in discovery. Dr. Darnell's testimony also contained a short summary of the history provided to him by the victim. This summary was not contained in the records provided to Appellant in discovery.
Upon review of the record, we find that the summary provided by Dr. Darnell did not differ from the victim's own trial testimony.
Appellant argues that trial counsel's failure to pursue outstanding discovery issues caused him not to be fully informed of the potential evidence to be used against him at trial and did not permit him to fairly evaluate his defense. More specifically, Appellant argues that if he had been aware of what the content of Dr. Darnell's testimony was going to be, he may have accepted the plea offer made to him prior to trial, which would have resulted in a sentence of only four years. We find no evidence that disclosure of this summary would have made any difference in Appellant's decision to accept or reject the plea offer in this matter.
Appellant's trial counsel requested discovery in accordance with Crim.R. 16. Appellant's counsel received the medical records, with the exception of the medical history provided at the time of the victim's evaluation. Under these facts, we find that trial counsel's assistance was not ineffective. Further, even if we were to reach the second prong of the Strickland test, appellant has made no showing of prejudice. There is nothing in the record to indicate that the results of the trial would have been different or that he would have accepted the plea offer.
We find that Appellant has failed to demonstrate that the assistance of counsel was ineffective.
Appellant's first assignment of error is denied.
 II.
In his second assignment of error, appellant argues the jury's verdict was against the manifest weight of the evidence. We disagree.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court held questions regarding the weight of the evidence concern the inclination of greater amount of credible evidence offered at trial to support one side of an issue rather than the other. A reviewing court should not reverse a jury's verdict on manifest weight unless it finds the jury, in resolving conflicts within the evidence, clearly lost its way and created a manifest miscarriage of justice, Thompkins at 387, citations deleted.
In order to convict appellant of rape, the State must prove that appellant engaged in sexual conduct with the victim by purposely compelling the victim to submit by force or threat of force. R.C. §2907.02(A)(2). "Sexual conduct" is defined as "vaginal intercourse between a male and female . . . without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. § 2907.01(A).
Appellant argues the State did not prove that vaginal penetration occurred between June 1, 2000, and July 31, 2000, as contained in the indictment.
The State presented evidence, which, if believed by the trier of fact, indicated appellant engaged in sexual conduct with the victim during the time period contained in the indictment. At trial, the victim testified that she was currently in seventh grade and that the rape had occurred at the end of her sixth grade year and the beginning of that summer. (T. at 78-80). Appellant's mother also testified that she moved her family away from Appellant in July, 2000, after learning of the sexual assault. (T. at 108-109).
With regard to penetration, the victim, while admitting that she did not know the exact depth of the penetration, did testify that Appellant inserted his penis in her vagina. (T. at 83-84).
We find the jury could reasonably conclude appellant engaged in sexual conduct with the victim.
We have reviewed the record on appeal, and we find the jury's verdict is supported by the manifest weight of the evidence.
Accordingly, the second assignment of error is overruled.
 III.
In his third assignment of error appellant contends that the State failed to disclose material evidence to appellant, resulting in prejudicial error, in violation of appellant's due process rights under the fourteenth amendment of the United States Constitution and ArticleI, section 10 of the Ohio Constitution. Specifically, appellant alleges that the State was under a duty to disclose "the full medical records of Melody Bowersock's medical examination which occurred at Fairfield Medical Center in Lancaster, Ohio on July 9, 2000." (Appellant's Brief at 9).
Upon review of the record, we find that such evidence was not material. In United States v. Bagley (1985), 473 U.S. 667, the court ruled that in determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682. See also State v.Johnson (1988), 39 Ohio St.3d 48.
Upon our review of the record, we cannot say that the outcome of appellant's trial would have been different had the doctor's summary of the victim's statements been disclosed by appellee. The summary was not materially different than the victim's own testimony and statements, the content of which the Appellant already knew. We therefore find that same was not material to his guilt. In short, we conclude that the possibility that the undisclosed evidence would have changed the outcome of appellant's trial is not sufficient to undermine our confidence in the outcome of the same.
Appellant's third assignment of error is overruled.
Based on the foregoing, the judgment of the Perry County Common Pleas Court is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and GWIN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed. Costs to appellant.